UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DONALD CAPPS, ET AL.                                                                             PLAINTIFFS

v.                                                             CIVIL ACTION NO. 3:09-cv-960-CRS

THE BRISTOL BAR AND
GRILLE, INC., ET AL.                                                     DEFENDANTS

**<u>MEMORANDUM OPINION</u>**

This matter is before the court on motion of the defendant, The Bristol Bar and Grille, Inc. ("Bristol" or "Defendant") for summary judgment (DN 36). The plaintiffs, Donald Capps, Betty Capps, and Jeannette Frazier (collectively, "Plaintiffs") have responded (DN 42) and Defendant has replied (DN 44), making the matter now ripe for adjudication. For the reasons set forth below, the motion will be granted in part and denied in part.

I. <u>Background</u>

For purposes of its motion for summary judgment, Defendant has conceded that the factual allegations in Plaintiffs' Amended Complaint are true. (DN 36-1 at 1). On May 15, 2009, Plaintiffs attended the rehearsal dinner for the wedding of David and Laura Setters. (DN 38 at ¶ 19). The rehearsal dinner was held in the private room of a Bristol Bar & Grille Restaurant located at 6051 Timber Ridge Drive, Prospect, Kentucky 40059 (the "Prospect Restaurant"). *Id*. It was a buffet style dinner which consisted of a Bristol house salad, including Bristol salad dressing, fresh fruit trays, Kentucky Hot Browns, Yukon gold potatoes, and mixed desserts, including brownies. *Id*. at ¶ 20; (DN 42 at 3). Within twelve (12) to forty-eight (48) hours of consuming the dinner, the bride,

groom, and nearly all of the rehearsal dinner guests, including Plaintiffs, became violently ill. (DN 42 at 3). Plaintiff Jeannette Frazier was hospitalized for two nights due to her illness and suffered pregnancy complications. (DN 38 at ¶ 21). Plaintiffs Donald and Betty Capps were temporarily stranded on the side of the interstate and became violently ill in public. *Id.* at ¶ 22.

Bristol owns the Bristol Bar and Grille service mark and several restaurants in the Louisville area. (DN 36-2, the "Agreement"). Bristol entered into a contract regarding the management and ownership of the Bristol Prospect Restaurant with co-defendants Main Street Management Associates, LLC ("Main Street"), HIPP Enterprises, LLC ("HIPP"), Norbort E. Paulin Jr., Montfort Helm, and David Watts-Paulin on February 6, 2006. (DN 36-2). Under the terms of the Agreement, HIPP was permitted to use the name Bristol Bar and Grille for the Prospect Restaurant in consideration for its hiring of Main Street to manage the daily operations of the Prospect Restaurant and its payment of the licensing fee. *Id.* at 8. As stated in the Agreement, Main Street and Bristol are "affiliates," defined as "(I) any Person, directly or indirectly, Controlling, Controlled by or under common Control with another Person, and (ii) each Person that serves as a director, officer, shareholder, member, manager, partner, executor or trustee of such specified Person (or in a similar capacity)." *Id.* at 3.

All the Bristol Bar and Grille restaurants share a common menu and website. *Id.* Bristol also owns and operates a commissary through which it provides certain foods, ingredients, and menu items for use in the Bristol Bar and Grille restaurants, including the Prospect Restaurant. Bristol provided food items from its commissary that were part of the buffet dinner on the night of the rehearsal dinner attended by the Plaintiffs, including bread, brownies, Harry's Dressing, and Mike's Seasoning. (DN 36-8 at 67); (DN 36-4 at 37, 53, 70-72).

Plaintiffs Donald and Betty Capps filed this lawsuit against Bristol (DN 1) and Plaintiff Jeannette Frazier filed a separate action against other named Defendants. These cases were consolidated by the court (DN 32) and Plaintiffs filed an Amended Complaint (DN 38). Bristol now seeks summary judgment on all of Plaintiffs' claims. (DN 36).

II. Analysis

A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151-60, 90 S. Ct. 1598, 16 L. Ed. 2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-28, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. *Id*. at 248. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986); *First Nat'l. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89, 88 S. Ct. 1575, 20 L. Ed. 2d 569 (1968). The evidence must be construed in a light most favorable to the party opposing the motion. *Id*. at 587; *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

Defendant first seeks summary judgment on Plaintiffs' negligence claims. Defendant argues that because Plaintiffs are unable establish all the elements of a negligence claim against Defendant. "Three elements are necessary to support a negligence action," including "a duty, a violation thereof, and consequent injury." *Illinois Cent. R.R. v. Vincent*, 412 S.W.2d 874, 876 (Ky. 1967) (citing *Warfield Natural Gas Co. v. Allen*, 59 S.W.2d 534 (Ky. 1933)). Defendants argue that *Rutherford v. Modern Bakery*, 310 S.W.2d 274 (Ky. 1958), requires Plaintiffs to establish which food caused their illness in order to succeed on their negligence claim against Defendant. (DN 36-1).

In *Rutherford*, the plaintiff became ill after consuming two pies produced by the defendant and purchased through a retailer. *Rutherford*, 310 S.W.2d at 275. Although the plaintiff was hospitalized for vomiting, cramps, and diarrhea, he had previously undergone surgery for an ulcerated stomach and produced no medical testimony to prove that his illness was in fact caused by food poisoning. *Id*. The court held that the "mere possibility that the pies could have caused the illness was not sufficient to warrant submission of the case to the jury." *Id*.

However, we find this case distinguishable from *Rutherford*. Upon reviewing the evidence in the light most favorable to Plaintiffs, there is sufficient evidence to establish that Plaintiffs suffered from food poisoning which was caused by their eating the rehearsal dinner meal at the Prospect Restaurant. Nearly all of the guests at the rehearsal dinner suffered from food poisoning. Although the symptoms began to occur the next day, only those who attended the rehearsal dinner became ill and not any of the other wedding guests who only attended the wedding reception. It is undisputed that Defendant provided items on the buffet at the rehearsal dinner which were consumed by Plaintiffs, including the bread, Harry's Dressing, Mike's Seasoning, and brownies. Reviewing

the evidence, we find that Plaintiffs have established that the rehearsal dinner caused them to suffer food poisoning and that Defendant provided food for the rehearsal dinner.

This circumstantial evidence is sufficient to support their claim of negligence against Defendant. Under Kentucky law, "[n]egligence may be inferred from circumstances properly adduced in evidence, provided those circumstances raise a fair presumption of negligence; and circumstantial evidence alone may authorize the finding of negligence." *Bruce v. Alley*, 391 S.W.2d 678, 680 (Ky. App. 1965) (holding circumstantial evidence sufficient to prove claim of negligence where numerous persons in a church suffered carbon monoxide poisoning, but could not establish by direct evidence that the cause was improper installation of the church furnace). Further, circumstantial evidence was sufficient to support another Kentucky case involving food poisoning, *Snead v. Waite*, 208 S.W.2d 749 (Ky. 1948). The facts of *Snead* are more similar to the case at hand, because the plaintiffs, an entire family, became ill after eating a dinner that included meat purchased from the defendants who operated a barbecue pit. *Id*. at 750. The plaintiffs in *Snead* presented sufficient evidence to show that they in fact suffered from ailments that resulted from food poisoning, *Id*., unlike the plaintiff in *Rutherford* who did not establish he became ill from food poisoning rather than a previous "physical infirmity suddenly manifesting itself." 310 S.W.2d at 275. The plaintiffs in *Snead* also presented evidence that another woman who had purchased meat from the defendants on the same day, became ill after eating it. *Snead*, 208 S.W.2d at 750. The court held that this circumstantial evidence was sufficient to support the plaintiffs' claim. *Id*. at 750-51.

Similarly, we find that Plaintiffs have presented sufficient circumstantial evidence to support their negligence claim against Defendant and withstand its motion for summary judgment. Plaintiffs

have shown that they suffered from food poisoning upon consuming the rehearsal dinner meal at the Prospect Restaurant and that Defendant supplied food items for that meal. Under Kentucky law, strong circumstantial evidence can support a negligence claim, and therefore, we find that reviewing the evidence in the light most favorable to Plaintiffs, summary judgment is not proper.

Defendant also seeks summary judgment on Plaintiffs' negligence per se claims, arguing that of the seventy-one (71) statutes relied on by Plaintiffs, nearly half have been repealed, and only nine (9) are potentially applicable. (DN 36-1 at 11-12). Plaintiffs do not object to this characterization by Defendant in their Response to Defendant's Motion for Summary Judgment or argue that summary judgment is not proper on their negligence per se claims. We therefore assume that these claims have been abandoned and will grant Defendant's motion for summary judgment on the negligence per se claims of Plaintiffs.

Defendant also seeks summary judgment on Plaintiffs' breach of warranty claims. In Kentucky, claims for breach of implied warranty relating to the service of food are governed by the Uniform Commercial Code provisions relating to the sale of goods. *See Snead v. White*, 208 S.W.2d 749, 751 (Ky. 1948) (holding that implied warranty claims related to food poisoning are governed by the Uniform Sales Act). Although some jurisdictions have abolished the privity requirement for breach of warranty claims, Kentucky law requires a buyer-seller relationship for such claims. *See* KRS § 355.2-314; KRS § 355.2-315; KRS § 355.2-318. Kentucky courts have interpreted the statutory language in Kentucky's enactment of the Uniform Commercial Code as requiring privity for breach of implied and express warranty actions. *See Williams v. Fulmer*, 695 S.W.2d 411 (Ky. 1985). The statute typically cited for the privity requirement is KRS § 355.2-318, which states:

> A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is

>reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section.

KRS § 255.2-318.

Plaintiffs have not alleged that they engaged in a buyer-seller relationship with Defendant or purchased any food product from Defendant. Plaintiffs argue that they were the intended consumers of the food purchased for the rehearsal dinner that they attended at the Prospect Restaurant. (DN 42, at 11). However, Kentucky courts have rejected this argument and strictly interpret the statutory language as requiring a privity relationship for breach of warranty claims, or that the plaintiffs fall within those class of persons specifically noted in KRS § 255.2-318. *See Compex Intern. Co., Ltd. v. Taylor*, 209 S.W.3d 462, 465 ("a seller's protections are *only* afforded to one with whom there is privity of contract, or, to use the terms of the statute, a 'seller's' warranty protections are *only* afforded to 'his buyer'") (emphasis in original). Therefore, Plaintiffs' breach of warranty claims fail, and summary judgment is proper.

Last, Defendant seeks summary judgment on Plaintiffs' claim of civil conspiracy. "A complaint must allege all of the elements of a conspiracy in order to state a claim for civil conspiracy." *Clark v. Bucyrus International*, 2010 WL 996471, *3 (E.D. KY. 2010). Under Kentucky law, a civil conspiracy is "a corrupt or unlawful combination or agreement between two or more persons to do by concert of action an unlawful act, or do to a lawful act by unlawful means." *James v. Wilson*, 95 S.W.3d 875, 896 (Ky. App. 2002). In order to prevail on a civil conspiracy claim, "the proponent must show an unlawful/corrupt combination or agreement between the alleged conspirators to do by some concerted action an unlawful act." *Id*. (citing *Montgomery v. Milam*, 910 S.W.2d 237 (Ky. 1995)).

Plaintiffs allege that Bristol and the other co-defendants "conspired to do an unlawful act, or to do a lawful act for a fraudulent purpose, or for a purpose which has a tendency to prejudice the public." (DN 38 at ¶ 69). Plaintiffs' Amended Complaint asserts that the defendants falsely represented to the public through "advertisements on the internet and throughout Kentucky" that the Prospect Restaurant was of the "same management, operation, quality and standard" as the other restaurants operated by Bristol. *Id*. at ¶ 70. Defendant has put forth evidence that the Prospect Restaurant and other restaurants owned by Bristol were all operated by the same management company, Main Street. (DN 36-2); (DN 36-8 at 29-30, 32-22). Defendant thus argue that Plaintiffs' claim of civil conspiracy to commit fraud must fail. Plaintiffs did not respond to Defendant's argument on this claim in their Response to Defendant's Motion for Summary Judgment. Therefore, we again assume the claim is abandoned and we find that Plaintiffs' conspiracy claim fails as a matter of law. Defendant's motion of summary judgment on this claim will be granted.

An order consistent with this opinion will be entered this date.

March 29, 2012

**Charles R. Simpson III, Judge**
**United States District Court**